REGAN, Judge.
The plaintiffs, Mr. and Mrs. Joseph J. Laura, Sr., filed this suit against the defendant, Railway Express Agency, Inc., endeavoring to recover $650.85 representing a loss which they assert they incurred as the result of injury to a color television set which was consigned to the defendant and damaged in the course of shipment.
The defendant answered and denied the allegations of the plaintiffs’" petition, it then more particularly asserted that under the terms of its Uniform Express Receipt issued to the shipper, its liability was limited to the sum of $50.00 for any shipment of 100 pounds or less.
After a trial on the merits, judgment was rendered in favor of the plaintiffs in the amount of $650.85, and from that judgment the defendant has prosecuted this appeal.
The record discloses that on May 20, 1969, the plaintiffs’ son, a resident of New Orleans, purchased a 1969 Westinghouse Color Television Set from a local firm doing business as Latin American Distributors for the sum of $579.00 as a gift for his parents, who are the plaintiffs herein. They reside in Houston, Texas, and Latin American Distributors contacted the defendant to have the television shipped from New Orleans to that city.
The evidence discloses that the television set was in working order when it was packed for shipment by an employee of Latin American Distributors, and both this employee and the employee of the defendant who picked up the television set agree that it was properly packaged.
When the set arrived at the plaintiffs’ residence in Houston, it was delivered upside down contrary to a directive on the carton as to which side of the package should remain upright. Moreover, the original carton was wet when delivered.
It is needless to say that the television set did not function, and evidence was introduced on behalf of the plaintiffs in the form of the testimony of an expert television repairman that upon examination he found the picture tube torn loose from its mounting, the front part of the cabinet cracked at the top and bottom, and the UHF and VHF tuner shafts bent. It was *604 his opinion that the set had either been dropped or had incurred a severe blow. Because of the extremely sensitive nature of color television sets, he concluded that the damage sustained resulted in a total loss.
The defendant originally denied the plaintiffs’ claim on the hypothesis that the packaging had been removed prior to its being notified of the damage, so that consequently it would not pay for the loss because its right to defend had been tampered with.[1] However, in the course of the trial of the case, the defendant predicated its defense on a released value provision in the Uniform Express Receipt, which states that unless a greater value is declared on the express receipt by the shipper, the carrier shall have its liability limited to $50.00 for any shipment of 100 pounds or less and not exceeding fifty cents per pound for any shipment in excess of 100 pounds. The Uniform Express Receipt also purports to make its provisions binding upon the consignor, consignee, and all carriers handling the shipment.
Assuming, but not deciding, that the express receipt in question affected the plaintiffs, as consignees,[2] in that event we are convinced that the limitation provision contained in the express receipt is not valid, and it has no legal effect upon the plaintiffs’ right to recover for damage to the television set.
The pertinent statute, 49 U.S.C. § 20(11), reads:
“§ 20, par. (11). Liability of initial and delivering carrier for loss; limitation of liability, notice and filing of claim. Any common carrier, railroad, or transportation company subject to the provisions of this chapter receiving property for transportation from a point in one State or Territory or the District of Columbia to a point in another State, Territory, District of Columbia, or from any point in the United States to a point in an adjacent foreign country shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country when transported on a through bill of lading, and no contract, receipt rule, regulation, or other limitation of any character whatsoever shall exempt such common carrier, railroad, or transportation company from the liability imposed; and any such common carrier, railroad, or transportation company so receiving property for transportation from a point in one State, Territory, or the District of Columbia to a point in another State or Territory, or from a point in a State or Territory to a point in the District of Columbia, or from any point in the United States to a point in an adjacent foreign country, or for transportation wholly within a Territory, or any common carrier, railroad, or transportation company delivering said property so received and transported shall be liable to the lawful holder of said receipt or bill of lading or to any party entitled to recover thereon, whether such receipt or bill of lading has been issued or not, for the full actual loss, damage, or injury to such property caused by it or by any such common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign *605 country when transported on a through bill of lading, notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading, or in any contract, rule, regulation, or in any tariff filed with the Interstate Commerce Commission; and any such limitation, without respect to the manner or form in which it is sought to be made is declared to be unlawful and void: Provided, That if the loss, damage, or injury occurs while the property is in the custody of a carrier by water the liability of such carrier shall be determined by the bill of lading of the carrier by water and by and under the laws and regulations applicable to transportation by water, and the liability of the initial or delivering carrier shall be the same as that of such carrier by water: Provided, however, That the provisions hereof respecting liability for fall actual loss, damage, or injury, notwithstanding any limitation of liability or recovery or representation or agreement or release as to value, and declaring any such limitation to be unlawful and void, shall not apply, first, carrying passengers; second, to property, except ordinary livestock, received for transportation concerning which the carrier shall have been or shall be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates dependent tipon the value declared in writing by the shipper or agreed upon in writing as the released value of the property, in which case such declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or released, and shall not, so far as relates to values, be held to be a violation of section 10 of this title; and any tariff schedule which may be filed with the commission pursuant to such order shall contain specific reference thereto and may establish rates varying with the value so declared and agreed upon; and the commission is empowered to make such order in cases where rates dependent upon and varying with declared or agreed values would, in its opinion, be just and reasonable under the circumstances and conditions surrounding the transportation. The term ‘ordinary livestock’ shall include all cattle, swine, ■ sheep, goats, horses, and mules, except such as are chiefly valuable for breeding, racing, show purposes, or other special uses * * * ” (Emphasis added)
The italicized portions above reveal that a common carrier or transportation company such as the defendant is absolutely liable for the actual loss, damage, or injury to property caused by it notwithstanding any limitation of liability or limitation of the amount of recovery, such limitations being declared null and void. The only exception to this rule is also italicized above, and it may be stated that any effort to limit liability is prohibited except upon a declaration of value by the shipper in writing or upon a released value agreed to in writing.[3]
In Caten v. Salt City Movers and Storage Company, Inc.,[4] the court reasoned that:
“The statute makes it abundantly clear that the carrier’s common law liability for full actual damages, whether or not caused by its negligence, is imposed when it accepts goods for carriage, unless a certain specified agreement limiting that liability has been made as the result of an equally certain specified action by the shipper in respect to a voluntary valuation of his goods. Even then the carrier is not permitted to contract against liability for its own negligence. Only by giving the shipper an opportunity to choose between higher and lower rates *606 based upon valuation can the carrier place the shipper who has selected a lower rate in the prescribed manner in the position where he is estopped to assert loss or damage to an amount in excess of the declared valuation upon which the rate was fixed. * * * Here nothing was done by the shippers which which amounted to written action by them as to valuation, and any agreement limiting the defendant’s liability to less than the actual value was void.”
In the present case, there was no declaration of value by the shipper or a released value agreed to in writing. The express receipt contains no declared value whatsoever, and it is clear that the shipper did not sign the express receipt so as to agree in writing in any way to any type of limitation clause, assuming arguendo that its assent would validate the release value clause contained in the express receipt.
The burden of full liability for damages to goods shipped is placed upon the common carrier in interstate commerce unless the carrier showed that it has fully complied with the statutory requirements for limiting its liability. The shipper establishes a prima facie case when it has shown delivery to the carrier in good condition, arrival of the goods in damaged condition at its destination, and the amount of damages sustained. Moreover, the shipper has no legal duty to state the value of its goods on the bill of lading or express receipt, and its failure to do so does not destroy the protection afforded to it by the foregoing statute.[5]
Since, to reiterate, there was no declaration of value in writing by the shipper and no agreement in writing as to a released value, it is absolutely clear that the defendant is responsible to the plaintiffs for the value of the television set, namely $579.00.
With respect to the remainder of the judgment in favor of the plaintiffs, it is equally clear that the judgment must be amended to omit therefrom any award made for the cost of purchasing and installing an outside antenna for the television set in question. The statute determinative of this problem, 49 U.S.C. § 20 (11), provides that the carrier is liable for the actual damage or loss to the property shipped. There is no provision of absolute liability which applies to the purchase of appurtenances to be used in conjunction with the items shipped which were not either shipped or damaged in transit by the carrier. The television antenna was purchased by the plaintiffs, apparently before they were aware of the fact that the set did not function. However, the antenna would, in all probability, be usable on another television set, and there is no legal justification for awarding plaintiffs the cost of this item. Consequently, the judgment must be reduced to the actual loss sustained in transit.
For the foregoing reasons, the judgment of the lower court is amended by reducing the amount thereof from $650.85, to the sum of $579.00, and as amended the judgment is affirmed.
The costs of this appeal are to be equally divided between the plaintiffs and the defendant. All other costs are to be paid by the defendant.
Amended and affirmed.

. This defense contained in a letter to the plaintiffs is somewhat ludicrous, since the damage obviously could not have been detected before the packaging had been removed.

. It is questionable in our opinion that such a provision could be made binding on a person not a party to the express receipt.

. See Caten v. Salt City Movers and Storage Company, Inc., 149 F.2d 428 (2nd Cir. 1945), and Thomas Electronics, Incorporated v. H. W. Taynton Company, D.C., 277 F.Supp. 639 (1967).

. Supra.

. See Thomas Electronics, Incorporated v. H. W. Taynton Company, supra.